UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**CONNOLLY GEANEY ABLITT &
WILLARD, P.C.,**                                        Chapter 7
    Debtor                                         Case No. 14-14164 –JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**STEWART GROSSMAN, CHAPTER 7
TRUSTEE OF CONNOLLY
GEANEY ABLITT & WILLARD, P.C.,**
    Plaintiff

v.                                                      Adv. Pro. 16-01163

**DURHAM COMMERCIAL CAPITAL
CORP. and MAASAI HOLDINGS, LLC,**
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court for consideration is the Emergency Motion of Durham Commercial Capital Corp. ("Durham") and Maasai Holdings, LLC ("Maasai") for a Protective Order. Through their motion, the Defendants seek the issuance of a protective order pursuant to Rule 45(c)(1)(B)(ii) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Fed. R. Bankr. P. 9016 with respect to proposed Rule 30(b)(6) depositions (the "30(b)(6) Depositions") of the individual Defendants, Durham

1

and Maasai, by the Plaintiff, Stewart Grossman, the Chapter 7 Trustee of Connolly Geaney Ablitt & Willard, P.C. (the "Debtor")." Specifically, the Defendants seek a protective order "(i) suspending the 30(b)(6) Depositions until after the Court has ruled on the Summary Judgment Motion; and/or (ii) requiring that the 30(b)(6) Depositions take place in a location that complies with Fed. R. Civ. P. 45(c)." The Plaintiff filed an Opposition to the Emergency Motion. Because this Court issued a Memorandum and Order on April 4, 2018 denying Maasai's Motion for Summary Judgment, the Defendants' Emergency Motion is, in part, moot. For the reasons set forth below, the Court denies the balance of the Emergency Motion, conditioned upon payment by the Plaintiff of the Defendants' travel expenses not to exceed $1,000.00 without Court review and approval.

**II. POSITIONS OF THE PARTIES**

The Defendants argue that this Court should require that "the 30(b)(6) Subpoena" comply with the geographic restriction imposed by Fed. R. Civ. P. Rule 45(c)(1)(B)(i) which is made applicable to this proceeding by Fed. R. Bankr. P. 9016. Rule 45 provides in pertinent part the following:

> **(c) Place of Compliance**.
> **(1) For a Trial, Hearing, or Deposition**. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> \* \* \*
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer . . .

Fed. R. Bankr. P. 45(c)(1)(B)(i). In support of their arguments, the Defendants maintain that neither Durham nor Maasai reside in Massachusetts, regularly conduct business in Massachusetts, or have many customer relationships in Massachusetts. They add that

2

their "likely designee" for the 30(b)(6) Depositions, Mr. Craig McGrain, also does not reside in Massachusetts. The Defendants contend that travel to Boston imposes a hardship "in terms of time, costs and distraction away from company business." Accordingly, the Defendants assert that the depositions should take place in the state of New York, preferably in Rochester, New York where the Defendants and their counsel have offices.

The Plaintiff argues that "[u]nder the circumstances of this case," the 30(b)(6) depositions of the Defendants should take place at the office of the Trustee's counsel in Boston at a date convenient to the parties. Nevertheless, the Plaintiff states that "[a]s an accommodation to Defendants, the Trustee proposes that the Court authorize him to pay from unencumbered estate assets one-half of the reasonable out-of-pocket costs of the Rule 30(b)(6) designee traveling to Boston for the deposition upon presentation of supporting invoices (such one-half cost being capped at $750)."

Both the Plaintiff and the Defendants recognize that there is a presumption that depositions of corporate officers shall take place in the state of the corporate officer's residence or the corporation's principal place of business. The Plaintiff contends, however, quoting Zurich Ins. Co v. Essex Crane Rental Corp., No. 90-CV 2263, 1991 WL 12133 at *2 (E.D.N.Y. Jan. 29, 1991), that the "presumption is not a strong one and operates primarily when other factors do not favor any particular site for the depositions." Citing Nat'l Cmty Reinvestment Coalition v. NovaStar Fin., Inc., 604 F. Supp. 2d 26, 31-32 (D. D.C. 2009), and Smith v. Shoe Show of Rocky Mount, Inc., C.A. No. 00-30141-map, 2001 WL 1757184 at *2-3 (D. Mass April 26, 2001), the Plaintiff adds that in

3

determining the location for a deposition of a corporate designee, a court may consider factors such as the location of counsel for both parties, the size of the defendant corporation and the regularity of executive travel, the nature of the claim and the relationship of the parties, as well as the number of corporate representatives to be deposed and the likelihood of discovery disputes arising that would require resolution by the forum Court.

Applying the pertinent factors, the Plaintiff maintains that "the relevant factors weigh heavily in favor of holding the depositions at the Trustee's office in Boston" because counsel for both Plaintiffs and Defendants are located in Boston; the Plaintiff is located in Boston; the documents that will be used at the deposition are located at the office of the Trustee's counsel in Boston; the designee for both Durham and Maasai is the same person, namely Craig McGrain, who is an attorney who has physically appeared at multiple bankruptcy hearings in Boston in this case, including sitting at counsel's table and making oral argument on behalf of the Defendants; the Defendants have conducted business in Massachusetts; and the case arises from the company's transactions in Massachusetts.  The Plaintiff adds that neither Defendant has moved to dismiss the Plaintiff's Complaint on jurisdictional grounds and Durham has submitted to the jurisdiction of the federal court in Massachusetts in other matters and has asserted its affirmative claims in that Court.  In addition, the Plaintiff notes that there have been a number of discovery disputes already in this adversary proceeding, such that there may be additional disputes that may arise in the future.

4

## III. DISCUSSION

As noted above, a presumption exists that depositions of corporate officers should take place in the state of the corporate officer's residence or the corporation's principal place of business. *See* <u>Zurich Ins. Co v. Essex Crane Rental Corp.</u>, No. 90-CV 2263, 1991 WL 12133 at *2 (E.D.N.Y. Jan. 29, 1991). Nevertheless, according to the United States District Court for the District of Massachusetts in <u>Metcalf v. Bay Ferries Ltd.</u>, C.A. No. 12-40075- TSH, 2014 WL 3670786 (D. Mass July 21, 2014), "the court has a wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses. Because the facts of each case determine the selection of a place for examination." <u>Id.</u> at *1 (citing 8A Federal Practice and Procedure § 2112 at 526–27 (2010)). *See also* <u>FM Generator, Inc. v. MTU Onsite Energy Corp.</u>, C.A. No. 14-14354-DJC, 2016 WL 8902603 (D. Mass. Aug. 25, 2016). In determining the Defendants Motion for a Protective Order, this Courts must consider a variety of factors, including the following:

(1) location of counsel in the forum district;

(2) the number of corporate representatives to be deposed;
(3) the likelihood that significant discovery disputes will arise and necessitate resolution by the forum court;

(4) whether the persons sought to be deposed often engage in travel for business purposes; and

(5) the equities with regard to the nature of the claim and the parties' relationship.

<u>Arabi Gin Co. v. Plexus Cotton, Ltd., (In re Joseph Walker & Co., Inc.)</u>, 472 B.R. 696, 701 (Bankr. D. S.C. 2012) (citations omitted).

The Court concludes that the factors cited above weigh in favor of the Plaintiff. Counsel to both parties have offices in Boston, Massachusetts; there is a single corporate representative to be deposed, i.e., Mr. McGrain; there is a likelihood of discovery disputes that this Court will need to resolve based upon the existing record of proceedings in this adversary proceeding; Mr. McGrain has frequently traveled to Boston, Massachusetts; and the equities of the case favor Boston, Massachusetts as the most convenient location for the Rule 30(b)(6) Depositions.  The Defendants have failed to establish that the inconvenience of travel to Boston is a hardship that cannot be overcome by the Plaintiff's proposal to pay reasonable out-of-pocket costs of the Rule 30(b)(6) designee traveling to Boston for the deposition upon presentation of supporting invoices. The Court shall require that the Rule 30(b)(6) Depositions be conducted in Boston, Massachusetts, conditioned upon the the estate paying a portion of Mr. McGrain's reasonable travel expenses for transportation, food, and lodging, which, if in excess of $1,000.00, shall be subject to review and approval by the Court with supporting invoices.

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order denying the Defendants' Emergency Motion for Protective Order, subject to the condition that the Plaintiff/Trustee pay the deponent's reasonable travel expenses.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated:  April 27, 2018